UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CR09-50016 |
| Plaintiff, | |
| vs. | **PRELIMINARY ORDER OF FORFEITURE** |
| CURTIS RAY LILLIS, | |
| Defendant. | |

Upon the motion of the Plaintiff, United States of America, for a Preliminary Order of Forfeiture, IT IS HEREBY ORDERED THAT:

1. As the result of guilty plea consenting to forfeiture and the judgment of forfeiture filed on July 28, 2009, defendant, Curtis Ray Lillis, shall forfeit to the United States: Hewlett Packard photo printer seized from defendant's residence.

2. The Court has determined, based on defendant's plea agreement and statement of factual basis, that the property listed in paragraph 1 is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(2)(B), that the defendant had an interest in the property, and that the government has established the requisite nexus between such property and such offense.

3. Upon the entry of this Order, the United States Marshals Service is ordered to seize and maintain custody of the forfeited property listed in paragraph 1 and dispose of it in accordance with the law, whether held by the

defendant or by a third party, and the United States may conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. The United States shall publish notice of the order and U.S. Marshal's intent to dispose of the property in accordance with the law. Upon the entry of this Order, and pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Cases, the United States shall publish to the government's official internet website, www.forfeiture.gov, for a period of 30 consecutive days. The United States, to the extent practicable, will provide written notice to any person known to have an alleged interest in the Subject Property.

5. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

6. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

7. Any person, other than the above-named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in

the Subject Property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n) (incorporated within 18 U.S.C. § 982(b)(1)).

8. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture is final as to the defendant given that defendant has been sentenced, forfeiture was made part of the sentence, and forfeiture was included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period for the filing of third party petitions. See 21 U.S.C. § 853(n)(2).

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: August 24, 2009

BY THE COURT:

*Karen E. Schreier*
KAREN E. SCHREIER
Chief Judge